PEOPLE v COSTNER

Docket No. 316806. Submitted November 14, 2014, at Grand Rapids. Decided February 19, 2015, at 9:00 a.m.

Evans Costner III pleaded guilty to attempted third-degree criminal sexual conduct, MCL 750.520d(1)(a), in the Berrien Circuit Court. The conviction arose from a consensual act of sexual intercourse that occurred when defendant was 18 years old and the victim was 14 years old. Defendant was 4 years and 23 days older than the victim. After defendant violated the terms of his probation, the court ordered him to comply with the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. Defendant subsequently petitioned to be removed from the sex-offender registry under MCL 28.728c(14). The court, Charles T. LaSata, J., denied the petition. Defendant filed a delayed application for leave to appeal. The Court of Appeals granted the application.

The Court of Appeals *held*:

1. Under MCL 28.728c, an individual may petition the court for an order allowing him or her to discontinue registration under SORA. Pursuant to MCL 28.728c(14), the court shall grant a petition properly filed by an individual if the court determines that the conviction was the result of a consensual sexual act between the petitioner and the victim, the victim was 13 years of age or older but less than 16 years of age at the time of the offense, and the petitioner is not more than 4 years older than the victim. In *People v Woolfolk*, 304 Mich App 450 (2014), the Court of Appeals adopted the "birthday rule," under which a person attains a given age on the anniversary date of his or her birth. *Woolfolk* only addressed when a person attains the next age of his or her life. It has no bearing on whether a defendant is more than four years older than a victim for purposes of MCL 28.728c(14). Similarly, MCL 8.3j defines the word "year" as a calendar year, but that definition only applies if its use would not be inconsistent with the manifest intent of the Legislature. The statutory definition of "year" only applies when a statute refers to a particular year. It is not to be used for measuring time; to use the statutory definition of "year" in reading a statute that calls for a measuring time would be contrary to the manifest intent of the Legislature.

When MCL 28.728c(14)(a)(*ii*) asks whether the petitioner is more than four years older than the victim, it is using the commonly understood definition of a year as a measure of time, and a year is commonly understood as being 12 months in duration. Therefore, a petitioner who is even one day past the 4-year eligibility limit set forth in MCL 28.728c(14)(a)(*ii*) is ineligible to obtain relief under that statute, and the trial court correctly denied defendant's petition.

2. Const 1963, art 1, § 16 prohibits cruel or unusual punishment. The Court of Appeals has held that SORA's registration requirement is not punishment and, therefore, does not violate Const 1963, art 1, § 16. Nonetheless, defendant contended in an unpreserved argument that the registration requirement, as applied to him, constituted cruel or unusual punishment. But the case relied on by defendant, *People v Dipiazza*, 286 Mich App 137 (2009), was factually distinguishable, and defendant failed to establish that the trial court's denial of his petition constituted plain error affecting his substantial rights.

Affirmed.

GLEICHER, J., dissenting, would have reversed the decision of the trial court. Whether defendant was more than four years older than the complainant depended on how "years" were measured. The Legislature defined "year" as a calendar year. Because defendant was not more than four calendar years older than the complainant, the trial court erred when it denied defendant's petition. Even if the Court could ignore the statutory definition of "year," the phrase "not more than four years older" would be ambiguous. Because the statute is remedial, it should have been interpreted in favor of defendant.

CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT — PETITIONS FOR REMOVAL FROM THE REGISTRY — AGE DIFFERENCE BETWEEN THE PETITIONER AND THE VICTIM.

Under MCL 28.728c, an individual may petition the court for an order allowing him or her to discontinue registration under the Sex Offenders Registration Act, and pursuant to MCL 28.728c(14), the court shall grant a petition properly filed by an individual if the court determines that the conviction was the result of a consensual sexual act between the petitioner and the victim, the victim was 13 years of age or older but less than 16 years of age at the time of the offense, and the petitioner is not more than 4 years older than the victim; when MCL 28.728c(14)(a)(*ii*) asks whether the petitioner is more than four years older than the victim, it is using the commonly understood

definition of a year as a measure of time, and a year is commonly understood as being 12 months in duration; a petitioner who is even one day past the 4-year eligibility limit set forth in MCL 28.728c(14)(a)(*ii*) is ineligible to obtain relief under that statute.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Michael J. Sepic*, Prosecuting Attorney, and *Elizabeth A. Wild*, Assistant Prosecuting Attorney, for the people.

*Stephanie Farkas* and *Cheryl Carpenter* for defendant.

Before: BOONSTRA, P.J., and DONOFRIO and GLEICHER, JJ.

DONOFRIO, J. Defendant appeals by leave granted an order denying his motion to be removed from Michigan's sex-offender registry. Because defendant was more than four years older than the victim in this case and because requiring him to register as a sex offender was not cruel or unusual punishment, we affirm.

Defendant pleaded guilty to attempted third-degree criminal sexual conduct (victim at least 13 but under 16 years of age), MCL 750.520d(1)(a). Defendant's conviction arises from a consensual act of sexual intercourse engaged in when he was 18 years of age and the victim was 14 years of age. With defendant having been born on February 21, 1991, and the victim having been born on March 16, 1995, the age difference between the two of them is 4 years and 23 days. Defendant was sentenced on December 14, 2009, to a probationary sentence of 36 months under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq.*

On March 2, 2010, defendant pleaded guilty to violating the terms of his probation by using marijuana and possessing drug paraphernalia. The trial court

sentenced defendant to 13 days in jail for the probation violation and continued both defendant's probation and HYTA status. Defendant was also ordered to successfully participate in and complete the Kalamazoo Probation Enhancement Program (KPEP).

On March 16, 2010, defendant pleaded guilty to violating the terms of his probation by breaking his curfew and by going AWOL from the KPEP. The trial court revoked defendant's HYTA status and ordered him to comply with the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. The trial court further sentenced defendant to 60 days in jail and ordered him to return to and complete KPEP once the jail term was served. Defendant's probation was continued.

On January 25, 2011, defendant, yet again, pleaded guilty to violating the terms of his probation, this time for having contact with, or attempting to have contact with, a female under the age of 17. The trial court revoked defendant's probation and sentenced him to six months in jail.

Defendant subsequently petitioned to be removed from the sex-offender registry pursuant to MCL 28.728c(14), which provides, in pertinent part, as follows:

> The court shall grant a petition properly filed by an individual under subsection (3) if the court determines that the conviction for the listed offense was the result of a consensual sexual act between the petitioner and the victim and any of the following apply:
>
> (a) All of the following:
>
> (*i*) The victim was 13 years of age or older but less than 16 years of age at the time of the offense.
>
> (*ii*) The petitioner is not more than 4 years older than the victim.

Defendant argued that because there is only a four-year difference between his age and the victim's age, he necessarily was "not more than 4 years older" than her. Defendant relied on MCL 8.3j, which defines "year" as "a calendar·year."

The trial court denied defendant's petition and stated in its opinion:

> This Court is not convinced that the term "year" as defined by MCL 8.3j is the answer to the time computation in this statute, because the statute in issue requires the petitioner (i.e. defendant) to be "not more than 4 years older than the victim." The phrase "not more than" limits the definition of the word "year". Therefore, because this Defendant is 23 days older than the 4 years required under the Statute, I find that he does not meet the requirements set forth in MCL 28.728c and MCL 8.3j is not violated by this interpretation.

### I. MCL 28.728c(14)

Defendant first argues on appeal that the trial court erred when it denied his petition because under Michigan law, defendant was not more than four years older than the victim. We review issues of statutory interpretation de novo. *People v Zajaczkowski*, 493 Mich 6, 12; 825 NW2d 554 (2012).

"[T]he intent of the Legislature governs the interpretation of legislatively enacted statutes." *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012). The intent of the Legislature is expressed in the statute's plain language. *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012). When the statutory language is plain and unambiguous, the Legislature's intent is clearly expressed, and judicial construction is neither permitted nor required. *Id.* In construing statutes, this Court applies a reasonable construction of the statute,

enforces clear statutory language as written, and reconciles any apparent inconsistencies if possible. *People v Bulger*, 291 Mich App 1, 5; 804 NW2d 341 (2010). If a statute specifically defines a term, the statutory definition is controlling. *People v Williams*, 298 Mich App 121, 126; 825 NW2d 671 (2012). When "terms are not expressly defined anywhere in the statute, they must be interpreted on the basis of their ordinary meaning and the context in which they are used." *Zajaczkowski*, 493 Mich at 13. However, technical words and phrases that have acquired a peculiar and appropriate meaning in law shall be construed and interpreted in accordance with that meaning. See MCL 8.3a; *Bylsma*, 493 Mich at 31. Moreover, it is presumed that the Legislature is familiar with the rules of statutory construction and that the Legislature is "aware of, and thus to have considered the effect on, all existing statutes when enacting new laws." *People v Kosik*, 303 Mich App 146, 158; 841 NW2d 906 (2013) (citation and quotation marks omitted).

A 2011 amendment of SORA allows an individual to petition the court for removal from the sex-offender registry. Among its provisions, MCL 28.728c(14) allows for an individual to be removed from the sex-offender registry if the underlying conviction involved an act of consensual sex during a so-called "Romeo and Juliet" relationship. The statute provides, in relevant part:

> The court shall grant a petition properly filed by an individual under subsection (3) if the court determines that the conviction for the listed offense was the result of a consensual sexual act between the petitioner and the victim and any of the following apply:
>
> (a) All of the following:
>
> (i) The victim was 13 years of age or older but less than 16 years of age at the time of the offense.

(*ii*) The petitioner is not more than 4 years older than the victim. [MCL 28.728c(14).]

The parties did not dispute that the sexual act for which defendant was convicted was consensual. It was likewise undisputed that the victim "was 13 years of age or older but less than 16 years of age at the time of the offense." Instead, the parties' arguments were focused on whether defendant satisfied MCL 28.728c(14)(a)(*ii*) by being "not more than 4 years older than the victim." Defendant argued that he was eligible for removal from the registry under that subparagraph because, with him being 18 and the victim being 14, there was only a four-year age difference. The prosecution argued that because defendant was actually four years and 23 days older than the victim, he did not meet the requirement of MCL 28.728c(14)(a)(*ii*). In denying defendant's petition, the trial court concluded that because defendant was "23 days older than the 4 years required" under MCL 28.728c(14)(a)(*ii*), he was not entitled to any relief.

There is no dispute that defendant actually is 4 years and 23 days older than the victim. Therefore, considering the issue on its face, defendant is *more* than four years older than the victim, and he cannot satisfy MCL 28.728c(14)(a)(*ii*). Defendant, however, argues that this Court's implementation of the "birthday rule" in *People v Woolfolk*, 304 Mich App 450; 848 NW2d 169 (2014), supports his position that he was only four years—and thus was not *more* than four years—older than the victim.

In *Woolfolk*, this Court was confronted with whether the defendant, who was convicted after committing a murder on the evening before his 18th birthday, should nonetheless be considered as having been 18 years old at the time of the murder. As the Court acknowledged,

contrary to common assumption or understanding, when computing a person's age, the common law provides that a person " 'reaches his next year in age at the first moment of the day *prior* to the anniversary date of his birth.' " *Id.* at 461, quoting *Nelson v Sandkamp*, 227 Minn 177, 179; 34 NW2d 640 (1948) (emphasis added). For example, under the common law, a person is considered to turn 18 years old the day *before* the 18th anniversary of his or her birth.

The Court, however, rejected the common-law method of determining when a person reaches a certain age and, instead, adopted the more commonly recognized method under the "birthday rule," under which "a person attains a given age on the anniversary date of his or her birth." *Woolfolk*, 304 Mich App at 464, 504 (citation and quotation marks omitted).

Defendant's reliance on *Woolfolk* is misplaced. *Woolfolk* only pertained to the proper method to calculate a person's age. More specifically, it addressed *when* a person attains the next age of his or her life. This concept has no application to the present issue. There is no question that in the present case, at the time of the offense, defendant and the victim had *attained* the ages of 18 and 14, respectively. Nothing in *Woolfolk* suggests that when determining whether someone is "more than 4 years older" than someone else, one simply takes the difference between both persons' "year" age, thereby ignoring their actual ages, which include not only how many years they have been alive, but also how many months and days. In fact, *Woolfolk* even relied on *Bay Trust Co v Agricultural Life Ins Co*, 279 Mich 248, 253; 271 NW 749 (1937), in which our Supreme Court, in the context of an insurance policy provision, held that a person who was 60 years, 2 months, and 10 days old was "over the age of 60 years."

*Woolfolk*, 304 Mich App at 498-499. The Supreme Court noted that "a year is a unit of time" and that the deceased had lived "over, beyond, above, or in excess" of 60 years. *Bay Trust Co*, 279 Mich at 252. Likewise, defendant, being 4 years and 23 days older than the victim, was indeed "more than 4 years older than the victim."

We find support for our view in other jurisdictions as well. In *State v Marcel*, 67 So 3d 1223 (Fla App, 2011), the Florida appellate court was confronted with the same issue and was presented with facts that are remarkably similar to the facts in the instant case. In *Marcel*, the defendant was 18 and the victim was 14 at the time of the offense; the defendant was designated a sexual offender and subjected to reporting requirements on the basis of his plea to a sex crime requiring lifetime registration under Florida's sex offender registration act. *Id.* at 1224. The defendant later filed a petition seeking relief under Florida's "Romeo and Juliet" law, Fla Stat 943.04354(1)(c) (2007), which provided an exception to sex-offender registration for consensual conduct by young people. *Marcel*, 67 So 3d at 1224. One of the criteria for relief under the Florida statute was that the defendant be "not more than [four] years older than the victim of th[e] violation who was [fourteen] years of age or older but not more than [seventeen] years of age at the time the person committed th[e] violation." *Id.* (quotation marks and citation omitted; alterations in original).

The *Marcel* court rejected the defendant's argument that application of the birthday rule resulted in him being no more than four years older than the victim because the difference was only four years (18 minus 14). *Id.* Instead, according to the court, the birthday rule is only used to compute a person's age—it is not

used in the calculation of time, which is what was called for in the statute. *Id.* Therefore, as long as a defendant is one day past the four-year eligibility limit prescribed by Florida statute, the defendant is ineligible to petition for relief. *Id.* at 1225.

In *State v Parmley*, 2012 Wis App 79; 325 Wis 2d 769; 785 NW2d 655 (2010), the Wisconsin Court of Appeals construed a Romeo and Juliet exception in the Wisconsin sex offenders registration act. Like *Marcel* and the instant case, the facts of *Parmley* involved a defendant who was 18 and a victim who was 14 at the time of the offense. *Id.* at ¶ 6. After his conviction for second-degree sexual assault of a child, the defendant filed a petition seeking removal from Wisconsin's sex-offender registry pursuant to Wis Stat 301.45(1m) (2007-2008), which, like the Michigan and Florida statutes, requires the defendant to be " 'not more than 4 years older' " than the victim. *Id.* at ¶ 8. The trial court granted the request because, when looking only at the "year" ages of the defendant and the victim, there was only a four-year difference. *Id.* at ¶ 6. On appeal, the *Parmley* court reversed the trial court and concluded that

> to calculate the disparity of ages required in WIS. STAT. § 301.45(1m)(a)2., to determine if an actor is exempt from registering as a sex offender, the time between the birth dates of the two parties is to be determined. Using this method we first consider [the defendant's] birthday of January 18, 1986, and then the victim's birthday of June 9, 1990. We conclude that there is a difference of four years, four months and twenty-three days. Therefore, [the defendant] is more than four years older than the victim. [*Id.* at ¶ 21.]

Defendant, on appeal, argues that these other cases are not persuasive because Michigan has a statutory definition for the term "year." MCL 8.3j provides that

the word "year" means "a calendar year; and the word 'year' alone shall be equivalent to the words 'year of our Lord'." A "calendar year" is defined, in *Black's Law Dictionary* (9th ed), p 1754, as "[t]welve calendar months beginning January 1 and ending December 31."

Defendant maintains that the definition of the word "year" as a "calendar year" should be used for both calculating a length of time and age. Because defendant's position is untenable, we reject it. First, we note that the definitions provided in MCL 8.3j are to be used "unless such construction would be inconsistent with the manifest intent of the legislature." MCL 8.3. The references in MCL 8.3j to "calendar year" and "year of our Lord" make clear that the definition of "year" set forth in the statute only applies when another statute refers to a *particular year*, not a *unit or measure of time*. Therefore, because MCL 28.728c(14)(a)(*ii*) calls for a calculation of time, use of the definition provided in MCL 8.3j would be inconsistent with the manifest intent of the Legislature, and we will not use it.[1]

To illustrate how adoption of defendant's argument would create an absurd result clearly not intended by the Legislature, consider that under defendant's view, MCL 28.728c(14)(a)(*ii*) would mean the following: "The petitioner is not more than 4 *calendar years* older than the victim." Defendant argues that this definition means that any fraction of a year is simply truncated when determining whether someone is four years older than someone else, thereby implying that a calendar year is *any* 12-month period.[2] Hence, defendant claims

---

[1] We note that Wisconsin, which, like Michigan, statutorily defines "year" as a calendar year, also has held that this definition does not apply when measuring time. *Parmley*, 2010 Wis App at ¶ 8 n 3.

[2] The dissent also applies this definition for "calendar year," but as discussed, this definition is not accurate.

that he is only four years older than the victim. But defendant is not using the definition from MCL 8.3j he urges this Court to adopt. A calendar year relates to a *specific* 12-month period—January through December. See *Black's Law Dictionary* (9th ed), p 1754. Going by the strict letter of the definition in MCL 8.3j, we first note that defendant was born on February 21, 1991, and the victim was born on March 16, 1995. Using the "calendar year" definition, there would be only three complete January-to-December periods between when the two were born (1992, 1993, and 1994). Accordingly, defendant would only be three "years" older than the victim. That interpretation flies in the face of common sense. It is manifestly clear that the Legislature did not intend for this extremely awkward (and entirely inaccurate) way of calculating whether someone was more than four years older than someone else.[3] Therefore, consistently with MCL 8.3, we hold that the definition of "year" in MCL 8.3j has no application in MCL 28.728c(14)(a)(*ii*). See also *McAuley v Gen Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998) ("Statutes should be construed so as to prevent absurd results . . . .").

Instead, we hold that under MCL 28.728c(14)(a)(*ii*), when it inquires into whether the petitioner "is not more than 4 years older than the victim," it is using the commonly understood definition of "year" as a measure of time, and a "year" is commonly understood as being 12 months in duration. See *Random House Webster's College Dictionary* (1997) (defining "year," in pertinent

---

[3] An even more absurd result occurs if one considers the age difference between a defendant born on January 2, 1990, and someone born on December 30, 1995. In reality, they are only three days shy from being six years apart in age. But using the "calendar year" definition, the defendant would only be four "years" older because there are only four calendar years between their births (1991, 1992, 1993, and 1994).

part, as "a space of 12 calendar months calculated from any point"). Therefore, one who is even one day past the 4-year or 48-month eligibility limit described in MCL 28.728c(14)(a)(*ii*) is ineligible to obtain relief under that statute. Consequently, defendant being 4 years and 23 days older than the victim in the present case is "more than 4 years older" than the victim, and the trial court was correct to deny defendant's petition.

## II. CRUEL AND UNUSUAL PUNISHMENT

Defendant also argues that subjecting him to registration under SORA is cruel and unusual punishment, which violates his constitutional rights. Defendant never preserved this issue by raising it at the trial court. See *People v Hogan*, 225 Mich App 431, 438; 571 NW2d 737 (1997). Therefore, we review this unpreserved constitutional issue for plain error affecting defendant's substantial rights. *People v Sands*, 261 Mich App 158, 160; 680 NW2d 500 (2004).

The United States Constitution prohibits cruel *and* unusual punishment. US Const, Am VIII. The Michigan Constitution prohibits cruel *or* unusual punishment, Const 1963, art 1, § 16. "If a punishment 'passes muster under the state constitution, then it necessarily passes muster under the federal constitution.' " *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011), quoting *People v Nunez*, 242 Mich App 610, 618 n 2; 619 NW2d 550 (2000).

But before determining whether a punishment is cruel or unusual, a "threshold question" must be answered: does the complained-of punishment constitute "punishment" under the Constitution? *In re Ayres*, 239 Mich App 8, 14; 608 NW2d 132 (1999). SORA requires persons convicted of certain listed offenses to register as sex offenders. MCL 28.723. However, this Court has

held that this registration requirement is not "punishment." *People v Fonville*, 291 Mich App 363, 381; 804 NW2d 878 (2011), citing *People v Golba*, 273 Mich App 603, 617; 729 NW2d 916 (2007).

> Although a defendant may see registration as a penalty for a conviction of a listed offense, it is not actually a punitive measure intended to chastise, deter or discipline an offender. It is merely a "remedial regulatory scheme furthering a legitimate state interest." [*Fonville*, 291 Mich App at 381, quoting *Golba*, 273 Mich App at 617 (other quotation marks and citations omitted).]

Because the SORA registration requirement is not punishment, the requirement does not constitute cruel or unusual punishment in violation of the Michigan or the United States Constitution, *Golba*, 273 Mich App at 617-619, and defendant's unpreserved argument is therefore unavailing. See also *People v Temelkoski*, 307 Mich App 241, 270-271; 859 NW2d 743 (2014).

Although he acknowledges the controlling legal authority that registration is not a punitive measure, defendant relies on this Court's decision in *People v Dipiazza*, 286 Mich App 137; 778 NW2d 264 (2009), and argues that the registration requirement, as applied to him, still constitutes cruel or unusual punishment under the Michigan Constitution. However, *Dipiazza* is factually distinguishable from the instant case, and, even if defendant's argument was not precluded by *Fonville* and *Golba*, there is no guidance to be had from it.

In *Fonville*, 291 Mich App at 381-382, this Court aptly summarized *Dipiazza*:

> In *Dipiazza*, this Court held that requiring the defendant in that case to register as a sex offender was cruel or unusual punishment. However, in that case, after the defendant completed probation, his case was dismissed

under the terms of [HYTA], leaving him with no conviction on his record. Despite the dismissal of his case, because he was assigned to youthful-trainee status on August 29, 2004, he continued to remain required to register as a sex offender, whereas after amendments of SORA, a defendant assigned to youthful-trainee status after October 1, 2004, was not required to register (unless the defendant's status of youthful trainee was revoked and an adjudication of guilt was entered). This Court concluded that, under those circumstances, requiring the defendant to register as a sex offender was cruel or unusual punishment. [Citations omitted.]

In the instant case, after defendant was afforded the benefit of HYTA status to induce his compliance with his probationary terms and, more importantly, to avoid a felony conviction and the obligation to register as a sex offender, defendant repeatedly violated his probation. Consequently, unlike the defendant in *Dipiazza*, defendant's HYTA status was revoked, and his conviction was never dismissed. Therefore, the reasoning in *Dipiazza* is not applicable to the instant case, and we perceive no plain error.

Affirmed.

BOONSTRA, P.J., concurred with DONOFRIO, J.

GLEICHER, J. (*dissenting*). The question presented is whether defendant was "more than four years older" than the complainant when the two engaged in consensual sexual relations. The answer depends on how "years" are measured. In my view, the Legislature solved this dilemma by enacting MCL 8.3j, which defines a year as a calendar year. While the majority maintains that application of this definition creates an "absurd result," I deem it reasonable and required. Doing so here compels us to define the disputed phrase in terms of calendar years.

Were we privileged to simply ignore MCL 8.3j, I would hold that the phrase "not more than four years older" is hopelessly ambiguous. And because the statute containing the phrase is remedial, I believe it should be interpreted in favor of defendant, one of the statute's intended beneficiaries. Accordingly, I respectfully dissent.

In relevant part, the statute at issue provides for removal from the sex-offender registry as follows:

> The court shall grant a petition properly filed by an individual under subsection (3) if the court determines that the conviction for the listed offense was the result of a consensual sexual act between the petitioner and the victim and any of the following apply:
>
> (a) All of the following:
>
> (*i*) The victim was 13 years of age or older but less than 16 years of age at the time of the offense.
>
> (*ii*) The petitioner is *not more than 4 years older than the victim*. [MCL 28.728c(14) (emphasis added).]

Defendant and the complainant had consensual sex when the complainant was 14 years old and defendant was 18 years old. Defendant is 4 years and 23 days older than the complainant. I respectfully disagree with the majority's determination that 23 days makes all the difference.

The majority holds that "the commonly understood definition of 'year' as a measure of time" dictates that a year "is commonly understood as being 12 months in duration." Thus, the majority reasons, "one who is even one day" more than four years older is ineligible for relief. According to the majority's calculus, defendant therefore falls outside the statute's embrace. The majority pronounces the "calendar year" approach an "extremely awkward (and entirely inaccurate) way of calculating whether someone was more than four years

older than someone else." But we are not judicial
lawmakers. Our role in interpreting the language is to
apply the statute as written. *Sun Valley Foods Co v
Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

"Year" is a nontechnical term. Ordinarily, we would
interpret it "according to the common and approved
usage of the language[.]" MCL 8.3a. From that perspec-
tive, the majority's construction is certainly reasonable,
since everyone knows that 4 years and 23 days consti-
tutes a time period longer than four years. But our
Legislature has seen fit to provide a specific definition
for the word "year." Michigan law dictates that if used in
a statute, the word "year" means "a calendar year."
MCL 8.3j. When the Legislature supplies a definitional
rule, common parlance must give way. And " '[a] statu-
tory definition supersedes the commonly-accepted, dic-
tionary, or judicial definition.' " *Erlandson v Genesee Co
Employees' Retirement Comm*, 337 Mich 195, 204; 59
NW2d 389 (1953), quoting 50 Am Jur, § 262, p 254.

I respectfully disagree with the majority's view that
we may interpret the term "more than four years older"
on a clean slate of "plain meaning." The general rules of
statutory construction promulgated by our Legislature
dictate the interpretation of the word "year." MCL 8.3.
The Legislature is " 'presumed to know of and legislate
in harmony with existing laws'." *People v Cash*, 419
Mich 230, 241; 351 NW2d 822 (1984), quoting *People v
Harrison*, 194 Mich 363, 369; 160 NW 623 (1916). The
"existing law," MCL 8.3, commands that "[i]n the con-
struction of the statutes of this state, the rules stated in
[MCL 8.3a to 8.3w] shall be observed, unless such
construction would be inconsistent with the manifest
intent of the legislature." I discern no such inconsis-
tency. Thus, MCL 8.3j's statutory definition of the word
"year" controls. A "calendar year" is a period of 12

months of time. Defendant was born in 1991, and was 18 years old at the time of the offense. The complainant was born in 1995, and was 14 years old at the time of the offense. Between them were four calendar years, and not more than that. Accordingly, I believe that the trial court erred when it denied defendant's petition for removal from the sex-offender registry.

The majority reasons that MCL 8.3j comes into play only "when another statute refers to a *particular year*, not a *unit or measure of time.*" I do not find that language in either MCL 8.3j or MCL 28.728c(14)(a)(*ii*), and cannot so readily relegate MCL 8.3j to the refuse bin. In my view, the legislative definition of "year" trumps the majority's definition. I would hold that because defendant was not more than four calendar years older than the complainant when they had sex, defendant was improperly placed on the sex-offender registry.[1]

Even assuming that we may properly overlook MCL 8.3j, I would reject the majority's holding. In everyday parlance, the term "more than four years older" is susceptible to two valid interpretations. One embraces years and days, while the other refers to whole years. Under the latter, defendant is "not more than four years" older than the complainant, and is, therefore, entitled to relief.

The majority holds that the commonly understood definition of "year" is a "measure of time" that is "12 months in duration." Therefore, the majority opines, "one who is even one day past the 4-year or 48-month eligibility limit described in MCL 28.728c(14)(a)(*ii*) is ineligible to obtain relief under that statute." But in

---

[1] Because our Legislature has defined the term "year," the cases cited by the majority from other jurisdictions are inapposite. The legislatures of those jurisdictions have not enacted the same definitional statute.

ordinary discourse, people refer to age as a specific
number of years rather than as a number of years and
months. Colloquially, I would say that my husband is
not more than one year older than I am, even though
technically he is 1 year, 5 months and 12 days my
senior. Adults usually refer to the difference in their
ages in terms of years, not years and months and days.

Speaking generally, five years is more than four
years. Speaking specifically, four years and one day is
more than four years. Should we interpret the term
"year" loosely, as we do in real life—a year means a
calendar year? Or should we construe it strictly—a
year consists of months and days? Setting MCL 8.3j
aside, the statutory text does not tell us.[2]

"A statutory provision is ambiguous if it is equally
susceptible to more than a single meaning." *Klida v
Braman*, 278 Mich App 60, 65; 748 NW2d 244 (2008).
The majority's understanding of the term "more than
four years" as encompassing registrants even 1 day
and 4 years older than the complainant is plausible. So
is the notion that the Legislature meant that "more
than four years" requires subtracting the complain-
ant's age from the defendant's, and arriving at a whole
number. Viewed through the lens of common meaning,
the statutory language is decidedly ambiguous.

Resolving the ambiguity requires judicial construc-
tion guided by "our duty . . . to consider the object of
the statute, as well as the harm it is designed to
remedy, and [to] apply a reasonable construction that
best accomplishes the statute's purpose." *Id.* at 70-71.

MCL 28.728c was enacted to allow "Romeo and
Juliet" offenders to petition for reprieve from the rigors

---

[2] It seems to me, however, that if the Legislature intended that every
month count, it could easily have drafted the statute in terms of months,
not years. See MCL 400.57r and MCL 18.1451a(1).

of the sex-offender registry. This Court determined that an earlier version of this remedial enactment was motivated "by concerns that 'the reporting requirements are needlessly capturing individuals who do not pose a danger to the public, and who do not pose a danger of reoffending.' " *People v Dipiazza*, 286 Mich App 137, 148; 778 NW2d 264 (2009), quoting House Legislative Analysis, HB 4920, HB 5195, and HB 5240, November 12, 2003, at 1. This Court further observed that "[t]he implied purpose of [the Sex Offenders Registration Act], public safety, is not served by requiring an otherwise law-abiding adult to forever be branded as a sex offender because of a juvenile transgression involving consensual sex during a Romeo and Juliet relationship." *Dipiazza*, 286 Mich App at 149.

As remedial legislation designed to shield certain youthful offenders from the harsh, punitive effects of mandatory sex-offender registration, MCL 28.728c should be liberally construed in favor of its intended beneficiaries. See *Haynes v Neshewat*, 477 Mich 29, 42; 729 NW2d 488 (2007) (KELLY, J., concurring); *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park*, 400 Mich 184, 188-189; 253 NW2d 646 (1977). "A liberal construction is ordinarily one which makes the statutory rule or principle apply to more things or in more situations than would be the case under a strict construction." 3 Singer & Singer, Sutherland Statutory Construction (2008), § 60:1, p 258.

Honoring and implementing the remedial purpose of the statute, I would hold that the term "more than four years older" should be construed to mean that defendant was not more than four years older than the complainant when they engaged in consensual sex, and would reverse the trial court.